**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| **REBECCA A. PORTER,** ) <br> **KEREN A. PORTER,** ) <br> **YUET-YUEN CHAN CUSHING,** ) <br> **& WENJU WANG, on behalf of** ) <br> **themselves and all others similarly** ) <br> **situated,** ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> **vs.** ) <br> ) <br> **SU-YA CHIU &** ) <br> **GINZA PTC, LLC.** ) <br> ) <br>     **Defendants.** ) | **CIVIL ACTION FILE NO.:** |

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES
& DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiffs, Rebecca A. Porter, Keren A. Porter, Yuet-Yuen Chan Cushing, and Wenju Wang, on behalf of themselves and all others similarly situated, by and through undersigned counsel, files this Collective Action Complaint against Defendants Su-Ya Chiu and GINZA PTC, LLC, for wage theft and violations of the minimum wage and overtime provisions of the Fair Labor Standards Act to all restaurant servers as specified herein, pursuant to 29 U.S.C. § 216(b), as follows:

1

## THE PARTIES

1.

Plaintiffs Rebecca A. Porter, Keren A. Porter, Yuet-Yuen Chan Cushing, and Wenju Wang, (collectively, "Plaintiffs") are Georgia residents and former employees of Defendant GINZA PTC, LLC.

2.

Defendant Su Ya Chiu, ("Defendant Su Ya"), is a Georgia resident residing at 116 Farmington Drive in Peachtree City, Georgia 30269.

3.

At all times herein, Defendant Su Ya was an owner, officer, and otherwise in control of the financial affairs of Defendant GINZA PTC, LLC with the authority to hire and fire employees, supervise, and control work schedules or conditions of employment, determine the rate and method of pay, and maintained employment records.

4.

Defendant GINZA PTC, LLC, ("Ginza"), is a domestic limited liability company with a principal office address at 107 Lexington Circle in Peachtree City, Georgia 30269.

5.

GINZA may be served through its registered agent, Su-Ya Chiu, at 116 Farmington Drive in Peachtree City, Georgia 30269.

## JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction under 28 U.S.C. §1331, as this civil action is brought pursuant to 29 U.S.C. § 201, *et seq.,* commonly known as the FLSA, and pendent jurisdiction over related state law claims per 28 U.S.C. §1367.

## NATURE OF THE ACTION & FLSA COVERAGE

7.

This is a Fair Labor Standards Act ("FLSA") collective action brought on behalf of Plaintiffs and all other restaurant servers who work or have worked at GINZA PTC, LLC in Peachtree City, Georgia.

8.

Plaintiffs, on behalf of themselves and all other employees similarly situated, hereby allege that Defendants had a pattern and practice of wage theft by deducting approximately twenty-three percent (23%) of all tips, failing properly calculate the tip credit against Defendants' minimum and overtime wage obligations to Plaintiffs, and otherwise failed to compensate Plaintiffs for statutorily minimum and overtime wages.

9.

These violations were intentional, purposeful, and egregious that Defendants retaliated and terminated Plaintiff Wenju Wang for objecting to the unlawful wage theft and deductions.

10.

Ginza is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, had at least two employees engaged in commerce or in the production of goods for commerce, or employees handled, sold, or otherwise worked on good or materials that have been moved in or produced for commerce by any person.

11.

Ginza's employees handled goods such as napkins, fish, pork, beef, vegetables, beer, wine, sake, rice, noodles, silverware, glassware, flatware, food items, condiments, restaurant appliances, chairs, tables, and other materials that had previously travelled through commerce.

12.

At all material times, and during the last three years, Ginza had an annual gross revenue in excess of $500,000 in 2018, 2019, and 2020.

## FACTS

13.

Ginza was a Japanese and sushi restaurant in Peachtree City, Georgia.

14.

The minimum wage, overtime wage and tip credit policies have applied and been controlling on Ginza and Defendant Su Ya at all times.

15.

Plaintiffs' jobs are not positions involving work which would fall under the exemptions provided to 29 U.S.C. § 213(a) of the FLSA.

16.

Ginza and Defendant Su Ya have at all times relevant taken over twenty percent of all employees' tips, including a twenty percent cut for Defendant Su-Ya and an additional percentage between two and three percent for the cost of credit card processing fees.

17.

Ginza and Defendant Su Ya knowingly and willfully implemented an uniform policy of unlawful wage theft and failure to pay wages in accordance with applicable law to the Plaintiffs.

18.

Ginza and Defendant Su Ya failed to satisfy all conditions precedent for taking an FLSA "tip credit" against Plaintiffs' minimum and overtime wages.

19.

Ginza and Defendant Su Ya unlawfully stole and misappropriated Plaintiffs' tips in violation of the FLSA.

20.

Defendant Su Ya was directly involved in decisions affecting employee compensation and hours worked by Plaintiffs.

21.

Defendant Su Ya was a supervisor, manager of finances, and owner involved in the day-to-day operations and directly responsible for the supervision of Plaintiffs; therefore, she is personally liable for the FLSA violations. 29 U.S.C. § 203(d); *Moore v. Applicane Direct, Inc.,* 708 F.3d 1233, 1237 (11th Cir. 2013).

22.

Defendant Su Ya implemented a policy and process of tip calculation, unlawful deductions, unlawful tip pooling, unlawful tip redistribution, and prepared reports of same.

23.

In some instances, when a cash tip was paid, Defendant Su Ya would withhold a percentage of the tip without informing any employees.

24.

In or around late December 2020, when confronted by Plaintiff Wenju Wang of the wage thefts and unlawful policy and practice, Defendant Su-Ya retaliated against and unlawfully terminated Plaintiff Wenju Wang's employment with Ginza.

## COUNT I: VIOLATION OF FLSA, 29 U.S.C. §§203(m)(2)(B) and 216(b) (WAGE THEFT AND UNLAWFUL TIP DEDUCTION)

25.

Plaintiffs re-allege and incorporate by reference all those facts and allegations in paragraphs 1 through 24 above and further allege:

26.

Pursuant to Section 203(m)(2)(B) of the FLSA, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

27.

Furthermore, pursuant to Section 216(b) of the FLSA, "Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer in an additional equal amount as liquidated damages."

28.

During the Plaintiffs employment, Ginza and Defendant Su Ya collected all tips and mandated an unlawful deduction of twenty three percent of the tips.

29.

Ginza and Defendant Su Ya unlawfully stole a portion of the tips collected from the Plaintiffs to offset credit card processing fees in an effort to reduce expenses.

30.

The Plaintiffs were not able to lawfully retain all their tips as a result of the Ginza and Defendant Su Ya's unlawful policy and willful actions.

31.

The Plaintiffs seek damages insofar as all tips which they were required to put into Defendants' possession, for any reason.

32.

The Plaintiffs demand (a) an amount of unliquidated wages unlawfully deducted; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Honorable Court deems just and reasonable under the circumstances.

## COUNT II: VIOLATION OF THE MINIMUM & OVERTIME WAGE PROVISIONS OF 29 U.S.C. §§ 203, 206, 207, and 216(b) (UNLAWFUL TIP POOLING AND TIP CREDIT)

33.

Plaintiffs re-allege and incorporate by reference all those facts and allegations in paragraphs 1 through 32 above and further allege:

34.

Although the FLSA, 29 U.S.C. § 206(a)(1), mandates that each employer pay employees a minimum wage of $7.25 per hour, employers may pay employees who receive tips from customers $2.13 per hour if the total amount of tips equals or exceeds the difference between the national minimum wage and $2.13[1]. 29 U.S.C. §§ 203(m)(2) 206(a)(1).

35.

The FLSA, 29 U.S.C. § 207(a)(1), further mandates that each employer compensate employees at a rate of not less than one and one-half times the regular rate if engaged in excess of forty hours in a single workweek.

---

[1] "A tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed for him [or her].... Whether a tip is to be given, and its amount, are matters determined solely by the customer, who has the right to determine who shall be the recipient of the gratuity." 29 C.F.R. § 531.52

36.

Section 6 of the FLSA requires that all covered employees be paid $7.25 per hour. 29 U.S.C. § 206(a). Section 3(m) contains additional provisions for tipped employees:

> (2)(A) In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—
> (i) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
> (ii) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in clause (i) and the wage in effect under section 206(a)(1) of this title.
>
> (B) An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.
>
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C § 203(m).

37.

"Tipped employee" is defined "as any employee engaged in an occupation in which s/he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

38.

Plaintiffs' employment with Ginza and Defendant Su Ya consisted of workweeks for which they were supposed to be compensated at or above the FLSA minimum wage but also receive overtime wages.

39.

Ginza and Defendant Su Ya availed themselves to an FLSA "tip credit" but improperly deducted from and calculated said credit by using figures that did not factor in the amount of tips Defendants were taking from their employees.

40.

Ginza and Defendant Su Ya unlawfully applied and ultimately received a larger "tip credit" against the Plaintiffs' minimum and overtime wages.

41.

Ginza and Defendant Su Ya did not permit the Plaintiffs to retain all their tips in violation of the FLSA.

42.

Ginza and Defendant Su Ya acted purposely, intentionally, and willfully to violate Plaintiffs' rights under the FLSA.

43.

Ginza and Defendant Su Ya wrongful and illegal conduct has deprived Plaintiffs, and all similarly situated employees, of the minimum and overtime wages to which they are statutorily entitled in an amount to be determined.

44.

As a direct and proximate result of Ginza and Defendant Su Ya's willful violation of the FLSA, the Plaintiffs demand (a) an amount of unliquidated wages unlawfully deducted; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Honorable Court deems just and reasonable under the circumstances.

**COUNT III: VIOLATION OF FLSA 29 U.S.C. §203(m)**
**(IMPROPERLY TAKING A TIP CREDIT WHILE RETAINING**
**PLAINTIFFS' TIPS WITHOUT FIRST NOTIFYING PLAINTIFFS)**

45.

Plaintiffs re-allege and incorporate by reference all those facts and allegations in paragraphs 1 through 44 above and further allege:

46.

Under § 203(m), an employer can only claim a tip credit if "all tips received by [a tipped] employee have been retained by the employee."

47.

Ginza and Defendant Su Ya carry the burden to prove entitlement to the tip credit. *Steele v. Leasing Enters.*, 826 F.3d 237, 242 (5th Cir. 2016).

48.

Ginza and Defendant Su Ya unlawfully deducted and regularly retained over twenty percent (20%) of Plaintiffs' tips.

49.

Ginza and Defendant Su Ya failed to lawfully inform the Plaintiffs about their intention to take a "tip credit."

50.

"Section 3(m) ... allows an employer to reduce a tipped employee's wage below the statutory minimum by an amount to be made up in tips, but only if the employer informs the tipped employee that her wage is being decreased under section 3(m)'s tip-credit provision." *Acosta v. Osaka Japan Rest., Inc.*, No. 17-1018, 2018 U.S. Dist. LEXIS 115960, 16 (E.D. Pa. July 12, 2018).

51.

Ginza and Defendant Su Ya acted purposely, intentionally, and willfully to violate Plaintiffs' rights under the FLSA.

52.

As a direct and proximate result of Ginza and Defendant Su Ya's willful violation of the FLSA, the Plaintiffs demand (a) an amount of unliquidated wages unlawfully deducted; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Honorable Court deems just and reasonable under the circumstances.

**COUNT IV: VIOLATION OF FLSA 29 U.S.C. §203(m)
(IMPROPER AND UNLAWFUL EXPENSE
DEDUCTIONS OF PLAINTIFFS' TIPS)**

53.

Plaintiffs re-allege and incorporate by reference all those facts and allegations in paragraphs 1 through 51 above and further allege:

54.

Employers may deduct an average offset for credit card merchant fees as long as "the employer reduces the amount of credit card tips paid to the employee by an amount no greater than the amount charged to the employer by the credit card

company." See U.S. Dept. of Labor Wage and Hour Division Opinion Letter FLSA2006-1.

55.

Ginza and Defendant Su Ya regularly deducted approximately three percent or four percent from Plaintiffs' tips to cover the costs of all credit card processing and merchant fees.

56.

These deductions exceeded the total expenditures on the credit card merchant and processing fees actually incurred by Ginza and Defendant Su Ya.

57.

Ginza and Defendant Su Ya acted purposely, intentionally, and willfully to violate Plaintiffs' rights under the FLSA.

58.

As a direct and proximate result of Ginza and Defendant Su Ya's willful violation of the FLSA, the Plaintiffs demand (a) an amount of unliquidated wages unlawfully deducted; (b) an equal amount of liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Honorable Court deems just and reasonable under the circumstances.

## COUNT V: VIOLATION OF FLSA 29 U.S.C. §215(a)(3) (UNLAWFUL RETALIATION & TERMINATION OF PLAINTIFF WENJU WANG)

59.

Plaintiffs re-allege and incorporate by reference all those facts and allegations in paragraphs 1 through 58 above and further allege:

60.

In or around late December 2020, Plaintiff Wenju Wang complained of the unlawful tip deductions and wage theft by Ginza and Defendant Su Ya.

61.

In response, Defendant Su Ya retaliated against and unlawfully terminated Plaintiff Wenju Wang's employment with Ginza.

62.

The FLSA prohibits employers from terminating employees in retaliation for complaints of FLSA violations and said anti-retaliation provision includes both verbal and written complaints of FLSA violations. 29 U.S.C. § 215(a)(3); *Kasten v. Saint-Gobain Performance Plastics Corp.,* 563 U.S. 1, 4 (2011).

63.

Plaintiff Wenju Wang engaged in activity protected by the FLSA, suffered an adverse employment action from Ginza and Defendant Su Ya, and a causal connection exists between Plaintiff Wenju Wang's FLSA complaints and his unlawful termination.

64.

Ginza and Defendant Su Ya acted purposely, intentionally, and willfully to violate Plaintiffs' rights under the FLSA.

65.

As a direct and proximate result of Ginza and Defendant Su Ya's retaliation and unlawful termination for Plaintiff Wenju Wang's complaints of violations of the FLSA, pursuant to 29 U.S.C. § 216(b), Plaintiff Wenju Wang seeks (2) all legal and equitable relief as appropriate, (b) payment of wages lost for retaliation and unlawful termination, an additional, (c) an equal amount of liquidated damages; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Honorable Court deems just and reasonable under the circumstances.

## COUNT VI: PUNITIVE DAMAGES O.C.G.A. § 51-12-5.1

66.

Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs 1 through 65 above and further alleges:

67.

The actions and omissions of Ginza and Defendant Su Ya as set forth herein and above demonstrate willful misconduct, fraud, malice, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to the consequences.

68.

Plaintiffs specifically plead for and are entitled to an award of punitive damages, pursuant to O.C.G.A. § 51-12-5.1.

**WHEREFORE**, Plaintiffs respectfully submit they are entitled and pray that this Honorable Court will enter:

(a) judgment in their favor for all tips kept by Ginza and Defendant Su Ya for any period of time for any reason in accordance with the FLSA, 29 U.S.C. §§ 203(m), 216(b);

(b) judgment in their favor for all unpaid minimum and overtime wages due or payable in accordance with the FLSA, 29 U.S.C. §§ 206, 207, and 216(b);

(c) judgment in favor of Plaintiff Wenju Wang for unlawful retaliation and termination in accordance with the FLSA, 29 U.S.C. § 215(a)(3) and 216(b);

(d) liquidated damages in accordance with FLSA, 29 U.S.C. § 216(b);

(e) award attorney's fees and costs pursuant to the FLSA, 29 U.S.C. § 216(b);

(f) award Plaintiff's punitive damages against Ginza and Defendant Su Ya in accordance with O.C.G.A. § 51-12-5.1

(g) and award any and all other and further relief this Honorable Court deems to be just and reasonable under the circumstances.

## JURY DEMAND

Per Fed. R. Civ. P. 39, Plaintiffs respectfully request a trial by jury on all issues so triable as of right.

This 15th day of July 2021

**STEVEN N. NEWTON, LLC**

*/s/Steven N. Newton*
**STEVEN N. NEWTON**
Georgia Bar No. 211382

401 Westpark Court, Suite 200
Peachtree City, Georgia 30269
Phone: 678-837-6398
Facsimile: 678-831-0707
Email:    snnewtonlaw@gmail.com
          steven@mynewtonlaw.com

20