IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

REBECCA A. PORTER,
KEREN A. PORTER,
YUET-YUEN CHAN CUSHING
& WENJU WANG, on behalf of
themselves and all others
similarly situated,

      Plaintiffs,

v.

SU-YA CHIU &
GINZA PTC, LLC,

Defendants/Third-Party Plaintiffs,

v.

ALVIN DAYRIT, aka ALVIN D.
BUNCAYO,

      Third-Party Defendant.

CIVIL ACTION FILE

NO. 3:21-cv-108-TCB

# **O R D E R**

This case comes before the Court on Plaintiffs' motion [41] for partial summary judgment against all Defendants and Plaintiffs' motion [45] for default judgment against Defendant Ginza PTC, LLC.

## I.    **Background**[1]

Plaintiffs were employed as servers for Ginza (a restaurant) during the following periods:

(1)    Rebecca Porter: November 2020–March 2021;

(2)    Keren Porter: November 2017–March 2021;

(3)    Yuet-Yuen Cushing: January 2021–March 2021; and

(4)    Wenju Wang: September 2019–December 2020.

Ginza was owned and managed by Defendant Su-Ya Chiu and third-party Defendant Alvin Dayrit, who shared supervisory authority over Ginza's employees. At all relevant times, Ginza was covered by the Fair Labor Standards Act.

---

[1] The facts stated below are based on the deposition testimony of Defendant Chiu.

During the hiring process, Defendants informed Plaintiffs of their hourly wages, credit card processing fees, and requirement of participating in a tip pool. Plaintiffs, whose responsibilities included waiting tables, serving food, and maintaining the general cleanliness of the restaurant, were paid a regular subminimum wage of three dollars per hour. Notably, Defendants did not inform new hires that Defendants would claim a tip credit toward the employees' minimum wage. Defendants did not consult the FLSA or Department of Labor regulations regarding tip credit disclosures or otherwise seek to learn the requirements of such disclosures.

When applicable, Plaintiffs were paid an overtime rate of four dollars and fifty cents per hour, computed by multiplying their subminimum wage rate by one and-one half. Defendants consulted the Department of Labor website prior to implementing the general compensation plan for Plaintiffs but did not review guidance on overtime rate requirements.

Following a three-percent deduction on credit card tips for credit card processing fees, Plaintiffs' tips were subjected to an additional

twenty-percent deduction. Those tips deducted went "back to the house," which included Dayrit, the kitchen chef, and dishwashers. Dayrit, therefore, worked as the sushi chef, and an owner and manager while participating in the tip pool. When Chiu waited tables, Plaintiffs and other servers were required to split tips with her. According to Chiu, the portion of the tips that was allocated to Chiu was then retained by Ginza. Defendants did not consult any persons, FLSA regulations, or any official documentation regarding whether their tip-pooling policy was lawful.

Plaintiffs filed this action on July 15, 2021. On January 11, 2023, Plaintiffs filed a motion for partial summary judgment against both Defendants as to liability for tip theft, unpaid wages resulting from being paid a subminimum wage, unpaid wages resulting from improper overtime pay rates, willfulness, and lack of good faith. Two weeks later, counsel for both Defendants withdrew. On March 24, 2023, Plaintiffs filed a motion for default judgment on all claims against Ginza.

## II.   Legal Standard

### A.   Default Judgment

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once default is entered, the Plaintiff must apply to the court for a default judgment. FED. R. CIV. P. 55(b)(2). "The entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) (citations omitted). A default judgment is appropriate only if the well-pleaded factual allegations of the complaint, which are deemed admitted by reason of default, provide a sufficient legal basis for default judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted).

### B.   Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." FED. R. CIV. P. 56(a). There is a "genuine" dispute as to a material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In making this determination, "a court may not weigh conflicting evidence or make credibility determinations of its own." *Id.* Instead, the court must "view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Id.*

"The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the nonmoving party would have the burden of proof at trial, there are two ways for the moving party to satisfy this initial burden. *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437–38 (11th Cir. 1991). The first is to produce "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id.* at 1438 (citing *Celotex Corp.*, 477 U.S. at 331). The second is to show that "there is an absence of evidence

to support the nonmoving party's case." *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324).

If the moving party satisfies its burden by either method, the burden shifts to the nonmoving party to show that a genuine issue remains for trial. *Id.* At this point, the nonmoving party must "'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995) (quoting *Celotex Corp.*, 477 U.S. at 324).

## III.  Discussion

### A.    Default Judgment

In reviewing Plaintiffs' motion for default judgment, the Court will examine the relevant procedural history illustrating the circumstances of Ginza's default.

 On August 20, 2021, Plaintiffs filed their first amended complaint. On January 26, 2023, counsel for Ginza withdrew. On February 8, 2023, this Court issued an order [44] directing Ginza to

obtain counsel by March 10, 2023. The Court informed Ginza that failure to comply with its order "may result in entry of default or default judgment upon an appropriate motion." [44] at 2. It is "well established" that an LLC cannot appear pro se. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). On March 24, 2023, Plaintiffs filed a motion for default judgment against Ginza.

As of today, Ginza has not obtained counsel. Ginza has therefore failed to comply with this Court's order and otherwise failed to assert a defense. Having examined Plaintiffs' well-pleaded factual allegations, the Court determines that Plaintiffs are entitled to judgment in their favor as to each count against Ginza and will grant Plaintiffs' motion for default judgment against Ginza.[2]

## B.    Summary Judgment

The Court will now determine whether Plaintiffs are entitled to judgment as a matter of law. Ginza and Chiu have not responded to the motion for summary judgment indicating that the motion is unopposed.

---

[2] Hereafter, "Defendants" refers only to Chiu, as Plaintiffs are entitled to a default judgment against Ginza.

8

LR 7.1(B), NDGa. However, the Court may not enter summary judgment based merely on the fact that the motion is unopposed. *United States v. 5800 Sw. 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citing *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam)). Therefore, the Court will examine the pleadings and supporting evidence before reaching the merits of the motion.

### 1.    Three-Year Statute of Limitations

Before addressing the merits of the FLSA claims, the Court must determine the statute of limitations that will govern these claims. Two of the four Plaintiffs began working for Defendants prior to two years before the initiation of this action. A claim arising during this period is typically time-barred. Plaintiffs assert that the statute of limitations should be extended to three years because Defendants' violations of the FLSA were willful. The Court agrees and will extend the statute of limitations to three years.

The statute of limitations governing FLSA claims is generally two years, but is extended to three years if the claim arises from a "willful

violation." *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008); 29 U.S.C. § 255(a). To establish willfulness, "the employee must prove his employer either knew that its conduct was prohibited by the statute or showed a reckless disregard about whether it was." *Morgan*, 551 F.3d at 1280 (citing *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162–63 (11th Cir. 2008)). Taken together, to extend the statute of limitations to three years, the Court must first find that Defendants acted with a reckless disregard of their responsibilities under the FLSA.

Plaintiffs contend that Defendants exhibited such reckless disregard. A reckless disregard is a "failure to make adequate inquiry into whether the conduct is in compliance with the [FLSA]." 5 C.F.R. § 551.104 (2007). The Court finds Defendants failed to make any inquiry into whether their policies were FLSA-compliant.

Defendants knew the mandatory tip pool was governed by the FLSA but did not inquire as to who could lawfully be included within it. Similarly, knowing they were obligated to make disclosures regarding the tip credits, Defendants did not inquire as to the legal requirements

of such disclosures. Defendants made no attempt to inform themselves of the regulations they knew governed their restaurant, thereby demonstrating a reckless disregard of their requirements under the FLSA. As such, Defendants' violations were willful, and a three-year statute of limitations therefore applies.

### 2. Subminimum Wage

#### a. Tip Credit

To evaluate the merits of the FLSA claim for subminimum wages, the Court must first determine whether Defendants' tip credit was lawful. Under the Fair Labor Standards Act, an employer may claim a tip credit towards an employee's minimum wage only if it informs its tipped employees in advance of the employer's use of such tip credit. Specifically, the employer must disclose to the employee:

> (1) the amount of the cash wage that is to be paid to the tipped employee by the employer; (2) the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer, which amount may not exceed the value of the tips actually received by the employee; (3) that all tips received by the tipped employee must be retained by the employee except for a tip pooling arrangement limited to employees who customarily and regularly receive tips; and (4) that the tip

> credit shall not apply to any employee who has not been
> informed of the requirements

29 C.F.R. § 531.59 (2021).

Whether an employer tip credit is valid is based on the timing and contents of an employer's disclosure of the credit to the employee. If insufficient notice is given, or otherwise sufficient notice is given *after* the credit has already been claimed, the tip credit as claimed is invalid as a matter of law. Plaintiffs contend that the mandatory tipping pool was invalid as a matter of law due to the failure by the employer to inform its employees of the existence of the credit before the credit was claimed. The Court agrees.

An employer must expressly inform its employee that it will claim the employee's tips as wages in advance of claiming those tips. *Rosas v. Nunez, Inc.*, No. 1:09-cv-3208-WSD, 2010 WL 11600977, at *2 (N.D. Ga. Sept. 30, 2010); *see also P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 849 (11th Cir. 2019) ("To provide sufficient notice, the employer must inform its employees that it intends to treat tips as satisfying part of the employer's minimum wage obligations." (internal quotation

12

marks omitted)) (citing *Kubiak v. S.W. Cowboy, Inc.*, 164 F. Supp. 3d 1344, 1354 n.16 (M.D. Fla. 2016)).

Defendants—who at all times claimed a tip credit toward the minimum wage of their servers—informed new servers only of their hourly pay rate, credit card fees, and the mandatory tipping pool. They did not disclose their intention to count any employee's tips towards that employee's minimum wage. Without explaining to new hires that the tip credit would be claimed as a part of their wage, Defendants failed to make the statutorily required disclosures, thereby invalidating the tip credit. *See* 29 U.S.C. § 203(m)(2)(A).

An employer who fails to provide the required notice may not claim a tip credit against its minimum wage obligations and must pay employees the *full* minimum wage for all time worked. 29 U.S.C. § 216(b) (emphasis added). The tip credit was invalid as a matter of law.

The invalidity of the tip credit means the true wages paid to employees were only those given in cash. Therefore, Plaintiffs—necessarily—were paid a subminimum wage.

13

### b.   Wages Paid

An employee can bring a claim against her employer under the FLSA if she is paid below the federal minimum wage of seven dollars and twenty-five cents per hour, credits included. However, where a claimed tip credit is invalid, such credits cannot be included in calculating the wage paid to the employee. Plaintiffs assert they are entitled to the full minimum wage for hours worked because the invalid tip credit meant Plaintiffs were paid only a subminimum wage. The Court agrees.

As the tip credit was invalid as a matter of law, Defendants paid their servers only three dollars an hour. A wage of three dollars per hour is a facial violation of the FLSA. *See* 29 U.S.C. § 206 (setting a federal minimum wage of seven dollars and twenty-five cents per hour).

Because Plaintiffs were paid less than legally required as a result of Defendants' failure to provide notice of the tip credit, Defendants are liable to Plaintiffs for the full minimum wage for the hours Plaintiffs worked. *See Barcellona v. Tiffany Eng. Pub, Inc.*, 597 F.2d 464, 467–68 (5th Cir. 1979) (holding the district court properly found that employees

14

were entitled to the full minimum wages owed for all hours worked due to the employer's failure to inform its employees of a tip credit).

Accordingly, the Court will grant Plaintiffs' motion for partial summary judgment with respect to unpaid wages resulting from a subminimum wage.

### 3.    Improper Overtime Pay Rates

If the Court finds an employee did not receive overtime pay at a rate of one and one-half times the minimum wage for hours worked above forty in a single workweek, that employee is entitled to judgment against her employer for unpaid wages. Plaintiffs contend they are entitled to summary judgment with respect to unpaid wages resulting from an erroneous calculation of overtime pay rates. The Court agrees.

Defendants improperly used the subminimum wage when calculating hourly overtime wages instead of the full minimum wage. Employers must pay their employees at a rate of one-and-one-half times the regular rate of pay for time the employee has worked in excess of forty hours per workweek. 29 U.S.C. § 207(a). When taking a tip credit, an employer must calculate overtime pay rates based on the full hourly

minimum wage and not the subminimum cash wage paid by the employer. *Holder v. MJDE Venture, LLC*, No. 1:08-cv-2218-TWT, 2009 WL 4641757, at *2 (N.D. Ga. Dec. 1, 2009); 29 C.F.R. § 531.60 (2021).

Defendants' overtime wage calculation was plainly incorrect. While four dollars and fifty cents an hour is one-and-one-half times the subminimum wage, Defendants were required to pay Plaintiffs one-and-one-half times the full minimum wage. *See* 29 C.F.R. § 531.60 (2021). Because an overtime rate of four dollars and fifty cents per hour is a per se violation of the FLSA, Plaintiffs are entitled to unpaid wages for all overtime hours worked at a rate of one-and-one-half times the full minimum wage.

The Court will grant Plaintiffs' motion for partial summary judgment with respect to unpaid wages resulting from improper overtime pay rates.

### 4. Tip Theft

Turning to Plaintiffs' claim for tip theft, the Court must determine the legality of Defendants' tipping pool. If the tipping pool was invalid, Defendants' policy of mandatory participation in the tipping pool

amounted to tip theft. Plaintiffs assert they are entitled to summary judgment on their tip theft claim because the mandatory tip pool was not FLSA-compliant due to the inclusion of management, and the retention of a percentage of tips by the store itself. They are so entitled.

To comply with the FLSA, a tipping pool must be limited to employees who "customarily and regularly receive tips." 29 C.F.R. § 531.54(c)(1) (2021). An employer may not receive tips from such a tip pool and may not allow managers and supervisors to receive tips from the tip pool. *Id.*; *see also Duren v. Int'l Follies, Inc.*, No. 1:19-cv-1512-ELR, 2021 WL 9274495, at *9 (N.D. Ga. July 12, 2021) ("Employers, managers, and supervisors must not participate in a tip pool.").

Chiu and Dayrit participated in the tipping pool notwithstanding their status as owners and managers of the restaurant. Dayrit, working as a sushi chef, retained the bulk of tips that went "back to the house," and Chiu collected tips during times she worked as a server, which were retained by the store.

It matters not that during this time Chiu served in a role that would otherwise ordinarily receive tips. *Miller v. Garibaldi's, Inc.*, No.

17

cv414-007, 2018 WL 1567856, at *4 (S.D. Ga. Mar. 30, 2018) ("The

practice of forced sharing of tips with management is an illegal practice,

regardless of whether the members of management are also engaged in

services that could be the subject of tipping.") (citation omitted).

Further, Chiu conceded that tips allocated to her were retained by the

store—another facial violation of the FLSA.  *See* 29 U.S.C. §

203(m)(2)(B) ("An employer may not keep tips received by its employees

for any purposes, including allowing managers or supervisors to keep

any portion of employees' tips . . . .").

Due to the participation of management and the retention of tips

by the store itself, the tip pool was not compliant with the FLSA.

Defendants are therefore liable to Plaintiffs for tip theft, and the Court

will grant Plaintiffs' motion for partial summary judgment with respect

to tip theft.

### 5.  Defendants' Lack of Good Faith

If Defendants can demonstrate good faith in their efforts to

comply with the FLSA, they need not pay liquidated damages to

Plaintiffs. Plaintiffs contend Defendants did not act in good faith in

their attempts to comply with the FLSA, and that liquidated damages should be awarded. The Court finds that Defendants did not act in good faith.

When an employer violates the FLSA, courts generally must award liquidated damages in an amount equal to actual damages. *Quarles v. Hamler*, 652 F. App'x 792, 794 (11th Cir. 2016) (citation omitted); 29 U.S.C. § 216(b). To avoid liquidated damages, an employer must prove that its violation was both in good faith and predicated upon reasonable grounds. *Reyes v. Aqua Life Corp.*, 632 F. App'x 552, 555 (11th Cir. 2015). Good faith requires "some duty to investigate potential liability under FLSA." *Oliva v. Infinite Energy Inc.*, No. 11-cv-232-MP-GRJ, 2012 WL 11868265, at *11 (N.D. Fla. Oct. 12, 2012).

The Court finds Defendants did not attempt to investigate potential liability arising from an FLSA violation. Defendants did not consult an attorney or the related Department of Labor guidelines prior to determining their overtime pay rates or claiming tip credits towards their employees' minimum wage. Defendants—in the face of a known duty to become informed—chose to remain uninformed.

19

Defendants have not met and cannot meet their burden of showing good faith attempts to remain in compliance with the FLSA, meaning Plaintiffs are entitled to liquidated damages. The Court will grant Plaintiffs' motion for partial summary judgment with respect to lack of good faith.

## IV.    Conclusion

For the foregoing reasons, Plaintiffs' unopposed motion [41] for partial summary judgment and unopposed motion [45] for default judgment are granted.

Plaintiffs suggest a jury trial should be held to determine Chiu's liability with respect to Count V for retaliatory termination, followed by a bench trial to determine damages owed by both Defendants collectively. The Court will adopt the Plaintiffs' proposed procedural posture. Plaintiffs and Chiu are ordered to file their joint proposed pretrial order with respect to the jury trial issues within thirty days.

IT IS SO ORDERED this 15th day of June, 2023.

Timothy C. Batten, Sr.
Chief United States District Judge